IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 23-cv-01747-REB-STV

MANUEL OZUNA, and
JOHNNY OZUNA,

    Plaintiffs,
vs.

MAGDALENA MORALES, and
MESILLA VALLEY TRANSPORTATION,

    Defendants.

## ORDER

**Blackburn, J.**

The matters before me are (1) the motion contained in the **Notice of Motion and Motion To Remand to State Court** [#22],[1] filed July 13, 2023; and (2) the motion contained in the **Notice of Motion and Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2)** [#19], filed July 11, 2023, both submitted by plaintiffs Manuel Ozuna and Johnny Ozuna. I grant the motion to remand and deny the motion to dismiss as moot.

## I. JURISDICTION

I putatively have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship).

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction.  Where the basis of removal is allegedly diversity of citizenship, therefore, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest, costs, and attorney's fees.  *See* 28 U.S.C. § 1332(a)(1).  These facts "must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c), "to the State court from which it was removed," *id.* § 1447(d).

## III.  ANALYSIS

This action arises out of an automobile collision which occurred in Fort Collins, Colorado.  Plaintiffs commenced their suit in the state district court of Hidalgo County, Texas.  Because defendant, Mesilla Valley Transportation ("Mesila Valley"), is allegedly a citizen of Texas,[2] and its employee, defendant, Magdalena Morales, was alleged in the complaint to be a citizens of New Mexico, defendants removed the action to the United States District Court for the Southern District of Texas on the basis of complete diversity.  Shortly thereafter, the Texas federal court granted Mesilla Valley's motion to

---

[2] It appears the corporate defendant may be misidentified.  (*See* **Corporate Disclosure Statement** [#28], filed July 17, 2023 (asserting "[t]here is no corporation under the name 'Mesilla Valley Transportation, Inc.'"); **Notice of Removal** [#1], filed May 12, 2023 (referring to corporate defendant, who did not join in removal, as "Mesilla Valley Transport").  *But see* **Order** [#13], filed July 10, 2023, in Civil Action No. 7:23-cv-00158 (order of Texas federal district court granting *Defendant Mesilla Valley Transportation's* Motion to Transfer Venue, Original Answer, and Jury Demand Subject to Motion to Transfer Venue") (emphasis added).)

transfer the action to this court.  (**Order** [#13], filed July 10, 2023.)

In truth and in fact, however, Ms. Morales is a citizen of El Paso, Texas.  The allegation as to her New Mexico residency was merely a scrivener's error, a fact which was established conclusively after the magistrate judge ordered defendants to file a disclosure statement identifying Ms. Morales's citizenship.  (***See* Order** [#30], filed July 18, 2023; **Corporate Disclosure Statement** [#32], filed July 19, 2023.)  Accordingly, federal diversity jurisdiction is lacking, and the parties now agree, as they must, that the case should be remanded.  They disagree, however, as to the identity of the proper court to which this court should remand the action.

Defendants maintain the state district court of Hidalgo County, Texas, where the action was filed originally, is not a court in which the action could have been brought under Texas law.  *See* Tex. Civ. Prac. & Rem. Code § 15.002.  They thus argue that pursuant to 28 U.S.C. § 1631, which allows a federal court which finds itself without jurisdiction to transfer the action "to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed," the case should be remanded to the state district court of either El Paso County, Texas, where Ms. Morales resides, or Larimer County, Colorado, where the accident occurred.

Whatever the merits of defendants' arguments under the Texas state venue statute, they are feckless as a matter of federal law.  The Tenth Circuit has affirmed that section 1631 was "specifically designed for cases transferred from one federal court to another for lack of jurisdiction."  ***Ross v. Colorado Outward Bound School, Inc.***, 822 F.2d 1524, 1527 (10th Cir. 1987).  ***See also Whiting v. Hogan***, 855 F. Supp. 2d 1266,

1285 (D.N.M. 2012).  As neither party suggests the case should be transferred back to the federal district court in Texas, which likewise would lack jurisdiction, this section is inapposite.[3]

Instead, the statutory authority and apparatus for remand is found in 28 U.S.C. §1447(c), which dictates that a case over which the federal district court lacks subject matter jurisdiction "shall be remanded," following which "the State court may thereupon proceed with such case."  As the Third Circuit succinctly put it, "[r]emand' means 'send back[;]' [i]t does not mean 'send elsewhere.'"  **Bloom v Barry**, 755 F2d 356, 358 (3rd Cir 1985).  **See also Petrofsky v. ARA Group, Inc.**, 878 F.Supp. 85, 86 (S.D. Tex. 1995) ("[R]emand is from the Latin for 'hand again.'  The case must be handed back, not handed somewhere else.") (internal citation omitted).

Accordingly, "[f]ederal district judges do not have the authority to 'transfer' cases by remanding them to different courts within the same state, let alone to courts of another state, regardless of jurisdiction, venue, and efficiency considerations that might favor that action."  Wright & Miller, 14C **FED. PRAC. & PROC. JURIS.** § 3739 & n.14 (Rev. 4th ed.) (citing cases).  **See also Petrofsky v. ARA Group, Inc.**, 878 F.Supp. 85, 86 (S.D. Tex. 1995).  The case will be remanded to the state court from which it was removed; if defendants believe a transfer of venue is warranted, they must seek it in that forum.

In connection with the motion to remand, the Ozunas also ask for just costs and expenses, including attorney fees, as allowed by section 1447(c).  The decision whether

---

[3] Courts have found such intermediary steps unnecessary in any event.  **See, e.g.**, **Terral v. SCH Managment Solutions, Inc.**, 2004 WL 2115486 at *5-6 (E.D. La. Sept. 21, 2004) (citing authority).

4

to award fees in this context is a matter committed to the sound discretion of the district court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 708-09, 163 L.Ed.2d 547 (2005); *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir. 1997). That discretion is to be exercised in light of the purpose and principles underlying the fee-shifting provision of section 1447(c), which have been articulated by the Supreme Court:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin*, 126 S.Ct. at 711. Based on these overarching objections, the standard for awarding attorney fees for improvident removal is one of reasonableness and, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

I find that standard is met on the facts of this case. This action was removed by Ms. Morales herself. It is inconceivable to this court she did not know (or, more to the point, her counsel did not know) she was not a citizen of New Mexico. That she chose in her notice of removal to characterize the inaccurate allegations of the original complaint as judicial admissions by the Ozunas underscores to this court the gamesmanship in removing this case.

5

That same lack of candor and sharp practices continued even after the case was transferred to this court.  On July 12, 2023, the magistrate judge ordered the parties to file, *inter alia*, "disclosure statements that name and identify the citizenship of every individual or entity whose citizenship is attributed to that party, as required by Fed. R. Civ. P. 7.1(a)(2) for matters proceeding under diversity jurisdiction."  (**Minute Order** [#20].)  Mesilla Valley stated only "[t]here is no corporation under the name 'Mesilla Valley Transportation, Inc.'" [#28];[4] although represented by the same attorneys as Mesilla Valley, Ms. Morales did not file a statement by the deadline.  The magistrate judge thus was required to issue yet another order to secure her response [#31].  Therein, Ms. Morales finally acknowledged her Texas citizenship [#32].

Finally, and even after defendants ultimately conceded the lack of complete diversity (*see* **Courtroom Minutes/Minute Order** [#33], filed July 20, 2023), their response to the motion to remand relied on a statute which even the most cursory legal research would have shown was wholly inapposite in light of the lack of of *any* federal jurisdiction.

Such legal machinations plainly are within the realm of the types of shenanigans Congress sought to discourage in allowing for the award of fees and costs under section 1447(c).  I therefore have no trouble concluding the Ozunas are entitled to recover their costs and expenses, including attorney fees, occasioned by being required to participate in these proceedings at the federal level.  I will defer entering an order

---

[4] In the notice of removal, Ms. Morales referred to the corporation as "Mesilla Valley Transport." There appears to be nothing on the docket establishing the citizenship of either that entity or the named corporate defendant, and Mesilla Valley did not respond to the Ozunas' arguments regarding its citizenship in its response to the instant motions.

remanding this action until after the issue of costs and fees is resolved and will establish a schedule for the marshaling of briefs and evidence in support of any fees the Ozunas seek to recover.[5]

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the motion contained in the **Notice of Motion and Motion To Remand to State Court** [#22], filed July 13, 2023, is granted;

2.  That the motion contained in the **Notice of Motion and Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2)** [#19], filed July 11, 2023, is denied as moot;

3.  That the plaintiffs, Manuel Ozuna and Johnny Ozuna, shall file a motion for attorney fees and any other costs sought related to the federal proceedings; and

4.  That the deadlines for the response and reply shall be as set forth in D.C.COLO.LCivR. 7.1(d).

Dated August 31, 2023, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[5] The motion, response, and any reply all are subject also to this court's Civil Practice Standards, including particularly, the page limitations established by REB Civ. Practice Standard IV.B.1.